## Hill and Henderson *v.* Calvin & Hurst.

Whether an erasure of one of the parties from an obligation is a material alteration of the contract is a question of law, and ought to be decided by the court.

It is the duty of the acceptors of a letter of credit to notify the guarantors within a reasonable time, of the acceptance of the letter.

IN ERROR from the circuit court of Adams county.

Huston, for plaintiff in error.

McMurran, *contra.*

Opinion of the Court by Mr. Chief Justice SHARKEY.

The plaintiffs instituted this action in the circuit court of Franklin County, on a letter of credit given by defendants in favor of John H. Corbell. At the trial, the defendants introduced a witness to prove that the name of Solomon Newman, the first signer of the letter, had been erased from the letter by Corbell, after it had been signed by the defendants, and before it had been delivered to the plaintiffs. The counsel for the plaintiffs objected to this testimony, and the court properly overruled the objection. The court charged the jury that if they believed the erasure of Newman's name materially varied the contract, or was a material variation of the engagement of the defendants, although done by a stranger, that the instrument was void. To this charge the plaintiffs excepted. The court erred in so charging the jury.— Whether it was a material variation of the contract, or a material variation of the engagement of defendants, was matter of law, and should have been decided by the court.

The court also charged the jury that "it was the duty of any one who gave credit to Corbell, on the faith of said letter of credit, to notify in a reasonable time the guarantors, the defendants, that said guaranty was accepted, and of the extent of their liaility, and that if it was proved that no notice had been given

[Hill and Henderson *v.* Calvin & Hurst.]

until eighteen months after the sale and delivery of the goods, on the faith of said letter, that such notice was not reasonable notice." To this charge of the court the plaintiffs also excepted.   It is said that the letter of credit, being given for a definite time, differs from a continuing or indefinite time, but I do not think the position is tenable.   In the case of Douglass *et al. v.* Reynolds, Byrne & Co. 7 Peters, 113, a case strikingly analagous, it is clearly laid down that notice is necessary, although it was admitted to be especially necessary in case of a continuing guarantee.   The court also held the opinion distinctly that in cases of limited guarantee notice was necessary.   This letter was only to continue in force for two years, and for that length of time it was certainly a continuing guarantee ; and the defendants reserved to themselves the privilege of revoking the authority, which power they probably never would have thought of exercising, without notice that the terms had been accepted.   It would seem also that notice was more especially necessary in *this case, as the letter was not directed to* any particular person, but to any merchant of New Orleans, and the defendants could know nothing of their liability without notice. The court was therefore correct in giving the charge; and although the charge was incorrect on the first point, yet the finding of the jury was correct, being for the defendants, and could not have been varied if the court had pronounced the law correctly, as in that case there would have been no room to doubt, the law being clearly with the defendants.   The judgment must be affirmed.

[*Note.*—This cause was decided in 1834.]